# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 18, 2020 Session

## JERRY CUNNINGHAM, EXECUTOR OF THE ESTATE OF IVA ZAN THRALL v. EASTMAN CREDIT UNION ET AL.

**Appeal from the Chancery Court for Sullivan County**
**No. C0017908C           E.G. Moody, Chancellor**

_____

### No. E2019-00987-COA-R3-CV

_____

In this probate action, Iva Zan Thrall ("Decedent") had named the original respondent, Marion Dodd, as a payable-on-death ("POD") beneficiary on several of Decedent's bank accounts.[1]  The petitioner, Jerry Cunningham, acting as executor of Decedent's estate ("Executor"), initiated the instant action by filing a petition to enforce Decedent's last will and testament in the Sullivan County Chancery Court ("trial court").  Executor named as respondents Ms. Dodd and the two financial institutions where Decedent's accounts were maintained.  Upon notice of Ms. Dodd's death, her estate ("the Dodd Estate") was subsequently substituted as a respondent.  The two financial institutions were eventually dismissed from this action and are not participating in this appeal. Following a bench trial, the trial court determined that the Dodd Estate must provide to Executor all account funds that Ms. Dodd had received as a POD beneficiary.  Following a review of Decedent's testamentary documents, including a codicil to her last will and testament, the trial court concluded by clear and convincing evidence that Decedent intended for Ms. Dodd, who had originally been named as executrix in the last will and testament, to act in a representative capacity with regard to the account funds.  The trial court held that a constructive trust be imposed regarding the funds to give effect to Decedent's intent, which the court found to be the creation of "a resulting trust and/or implied trust" concerning the account funds.  The effect of the constructive trust was that it dispossessed the account funds from the Dodd Estate and transferred those funds to Decedent's estate via Executor.  The trial court further determined that the Dodd Estate would be unjustly enriched if the trial court did not impose equitable principles.  The Dodd Estate has appealed.  Because we are unable to ascertain whether the trial court's final order represents the independent judgment of the court, we vacate the order and remand for sufficient findings of facts and conclusions of law that reflect the trial court's independent analysis and judgment.

---

[1] Noting that in Ms. Dodd's pleadings, Ms. Dodd's first name is spelled, "Marion," we will use that spelling throughout this opinion despite the spelling of "Marian" in the appellate briefs and various other court documents.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL
SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Thomas A. Peters, Kingsport, Tennessee, for the appellants, Pat Simpson and Joanne
Simpson, Co-Executors of the Estate of Marion Dodd.

Jeffrey A. Cobble, Greeneville, Tennessee, for the appellee, Jerry Cunningham, Executor
of the Estate of Iva Zan Thrall.

**OPINION**

I.  Factual and Procedural Background

Relevant to this appeal, Decedent maintained four separate bank accounts
(collectively, "the Accounts") with two separate financial institutions, Eastman Credit
Union ("ECU") and State of Franklin Bank ("Franklin") between March 2011 and March
2013. Three of the relevant accounts were associated with ECU, with the remaining
account maintained by Franklin. Decedent had previously named Ms. Dodd as the POD
beneficiary on each of the Accounts.

Concerning her estate, Decedent had executed a last will and testament on March
18, 2011 ("the 2011 Will"), naming Ms. Dodd as the executrix. The 2011 Will did not
bequeath any property to Ms. Dodd. On February 27, 2013, Decedent executed another
last will and testament ("the 2013 Will") in the office of attorney Robert Bailey. The
2013 Will, by its terms, revoked all prior wills. The 2013 Will also named Ms. Dodd as
executrix and again bequeathed nothing to her. On September 20, 2013, Decedent
executed a holographic codicil ("the Codicil") to the 2013 Will, wherein she sought to
control the distribution of the account funds without entirely displacing the 2013 Will. In
the Codicil, Decedent purported to bequeath funds deposited in the Franklin account to
"Bob Bailey" and to bequeath funds on deposit in the ECU accounts to Locust Springs
Christian Retreat Center in Greene County, Tennessee.[2] The validity of the 2013 Will
and the Codicil were never challenged by any party.

On April 16, 2014, Executor filed the petition to enforce the 2013 Will and the
Codicil, naming as respondents ECU, Franklin, and Ms. Dodd. In the petition, Executor

---

[2] Decedent listed the ECU accounts as "TEC" in the Codicil. However, the trial court made a specific
finding that "TEC" was Decedent's "way of referencing the present-day Eastman Credit Union ("ECU")."
Neither party to this appeal has disputed that Decedent used "TEC" to indicate ECU.

asserted that the 2013 Will and Codicil, not the POD designations on the Accounts, controlled the disposition of the account funds. Franklin filed an answer to the petition, as well as a counter-complaint, cross-complaint, and third-party complaint, on May 8, 2014. Franklin requested, *inter alia*, that the trial court permit Franklin to deposit the account funds into the trial court's registry pending adjudication of the case. Franklin subsequently deposited the account funds with the court.

Ms. Dodd filed an answer to the petition on May 13, 2014, requesting that the trial court declare her ownership of the funds in the Franklin account. On May 22, 2014, ECU filed a motion to dismiss or, in the alternative, for summary judgment, wherein it argued, *inter alia*, that the petition should be dismissed because the disposition of the ECU accounts was governed by the POD designation on each respective account. Executor filed a response to ECU's motion on October 14, 2014, averring that the Codicil demonstrated that Decedent did not intend for Ms. Dodd to receive the ECU account funds, notwithstanding the fact that she had named Ms. Dodd as a POD beneficiary on the ECU accounts prior to her execution of the Codicil. On March 23, 2015, the trial court entered an order requiring Franklin to disburse and deposit the Franklin account funds into the court's registry until the matter was resolved. Following a hearing, the trial court entered another order on April 21, 2015, *inter alia*, granting summary judgment in favor of ECU and dismissing ECU from the case provided that it disbursed and deposited the funds within the three ECU accounts into the court's registry.

Nearly two years later, on April 25, 2017, Executor filed a motion for clarification, seeking to strike the phrase, "granting ECU summary judgment," until ECU disbursed all funds on deposit in the three ECU accounts to the trial court. Following a hearing on the motion, the trial court set aside its previous order granting summary judgment to ECU. On June 23, 2017, the trial court entered a revised order granting "partial summary judgment" in favor of ECU, provided that ECU deposit the funds within the three ECU accounts with the court. ECU subsequently filed a counter-complaint against Executor on August 22, 2017, requesting, *inter alia*, that the trial court enter a declaratory judgment declaring that Ms. Dodd, as the POD beneficiary on the ECU accounts, was entitled to the combined ECU account funds.

On September 19, 2017, Executor filed a motion to amend its petition to include the following claims against Ms. Dodd: (1) breach of fiduciary duty, (2) imposition of a constructive trust, (3) imposition of a resulting or implied trust, (4) breach of contract, and (5) unjust enrichment. Ms. Dodd filed a response objecting to the motion on October 11, 2017. The trial court subsequently entered an order allowing Executor to amend its petition. Concomitant with its motion to amend the petition, Executor filed a motion for attachment on September 19, 2017, averring that ECU had previously distributed to Ms. Dodd the funds deposited in the three ECU accounts to facilitate the purchase of

certificates of deposit.[3]  Executor further averred that Franklin had not disbursed and deposited the account funds into the court's registry pursuant to the trial court's March 23, 2015 order.  Executor thereby requested that the trial court issue an order of attachment concerning the Accounts.

Executor subsequently filed a voluntary non-suit, seeking dismissal of ECU and Franklin (collectively, "the financial institutions") from this cause without prejudice. However, on October 17, 2017, ECU filed a motion to proceed pursuant to its previously filed counter-complaint against Executor, which motion the trial court subsequently granted.  The trial court also entered a restraining order prohibiting Ms. Dodd or any of her agents from removing, relocating, or concealing the funds deposited in the Accounts.

Following the passing of Ms. Dodd on January 18, 2018, and notice thereof, the parties subsequently entered into an agreed order providing that the Dodd Estate, represented by Pat and Joann Simpson, would be substituted for Ms. Dodd.  The parties further entered into an agreed order setting the case for trial on February 12, 2019.

The transcript evinces that at the outset of the trial on the merits, the trial court dismissed the financial institutions from the case following its determination that Executor had stipulated that (1) the financial institutions had complied with the respective statute concerning POD accounts and (2) the funds contained within the Accounts were payable to Ms. Dodd per the POD designation on the Accounts.  Following the trial, the court took the matter under advisement and ordered Executor and the Dodd Estate to submit post-trial briefs containing proposed findings of fact and conclusions of law. Upon such submissions, the Dodd Estate filed an objection to Executor's proposed findings of fact and conclusions of law on May 6, 2019, arguing, *inter alia*, that certain equitable principles set forth in Executor's proposed conclusions of law should not be considered by the trial court.

The trial court entered an order on May 7, 2019, appearing to adopt Executor's proposed findings of fact and conclusions of law almost entirely and incorporating the same organization and verbiage as Executor's findings and conclusions.  The first page of the order stated, "The Petitioner's proposed findings and conclusions are as follows," followed by the findings of fact, which were listed below a heading reciting, "Proposed Findings of Fact."  The findings included, *inter alia*, that the plain language of the 2013 Will and the Codicil "make it abundantly clear that [Decedent] intended these accounts to be distributed _**BY**_ Mari[o]n Dodd in her representative capacity, and not _**TO**_ Mari[o]n Dodd personally" because Decedent had previously communicated her intentions regarding the distribution of the account funds to third parties.  The conclusions of law

---

[3] On appeal, the Dodd Estate stipulates that on April 17, 2014, Ms. Dodd closed the three ECU accounts and upon receipt of the funds, opened two certificates of deposit at ECU, on which ECU maintained a hold during the pendency of the case.

were separately delineated under a heading styled, "Proposed Conclusions of Law." The order concluded, *inter alia*: "In order to carry out the true intentions of [Decedent], said funds must be distributed in accordance with the principles of: (a) a constructive trust, and (b) a resulting trust and/or implied trust."

The order further directed that the account funds be distributed under the terms of the 2013 Will and the Codicil as follows: "the proceeds of the [Franklin] account are to be distributed to [Decedent's] cousin, Robert H. Bailey; the proceeds of the [ECU] accounts are to be distributed to Locust Springs Christian Retreat Center in Greene County[.]" (Paragraph lettering omitted.) To facilitate the distribution, the order directed that the Dodd Estate "deliver all ECU and [Franklin] funds, plus any accrued growth or interest since the date of [Decedent's] death, to [Executor], to become property of [Decedent's estate]." The Dodd Estate timely appealed.

## II. Issues Presented

The Dodd Estate has presented three issues on appeal, which we have restated, reordered, and consolidated as two issues as follows:

1. Whether the trial court erred by failing to consider Tennessee Code Annotated § 45-2-704 and case law concerning assets that pass pursuant to contract upon death.

2. Whether the trial court erred by employing equitable principles to determine that the Account funds were subject to a resulting trust or constructive and implied trust.

## III. Standard of Review

We review a non-jury case *de novo* upon the record with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). We review questions of law, including those of statutory construction, *de novo* with no presumption of correctness. *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011).

IV. Independent Judgment of the Trial Court

As a threshold issue, we first address whether the trial court's judgment, in which the court adopted nearly verbatim Executor's proposed findings of fact and conclusions of law, was the independent judgment of the trial court. Upon a thorough review of the record, we cannot determine that the proposed findings of fact and conclusions of law prepared by Executor represent the trial court's own independent analysis and judgment.

A trial court speaks through its written orders, *Williams v. City of Burns*, 465 S.W.3d 96, 119 (Tenn. 2015), and the judgment entered by the trial court must be the independent judgment of the trial court, *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014). *In Smith*, our Supreme Court explained the importance of the trial court's providing legal reasoning for its decision:

> The essential purposes of courts and judges are to afford litigants a public forum to air their disputes, and to adjudicate and resolve the disputes between the contending parties. To carry out these purposes, judges must arrive at their decisions by applying the relevant law to the facts of the case. <u>Because making these decisions is a "high judicial function," a court's decisions must be, and must appear to be, the result of the exercise of the trial court's own judgment</u>.

*Smith*, 439 S.W.3d at 312 (footnotes and other internal citations omitted) (emphasis added).

In making its determination in *Smith*, the Tennessee Supreme Court analyzed a decision from the United States Supreme Court wherein the Supreme Court "criticized federal trial courts for their 'verbatim adoption of findings of fact prepared by prevailing parties, particularly when those findings have taken the form of conclusory statements unsupported by citation to the record.'" *Smith*, 439 S.W.3d 303, 314-15 (Tenn. 2014) (quoting *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 572 (1985)). In *Anderson v. City of Bessemer City*, the United States Supreme Court had declined to hold that the trial court's adoption of proposed findings of fact was reversible error because the High Court found that the record demonstrated that the trial court's findings and conclusions "represent[ed] the judge's own considered conclusions." 470 U.S. 564, 572 (1985). The Supreme Court arrived at this decision because the trial court had filed a memorandum opinion explaining its decision and rationale prior to requesting party-prepared findings and conclusions and because the trial court had revised the party-prepared findings and conclusions such that the findings and conclusions ultimately adopted by the lower court "varied considerably in organization and content" from those submitted by counsel. *Anderson,* 470 U.S. at 572.

Drawing upon the United States Supreme Court's decision in *Anderson*, the Tennessee Supreme Court explained as follows:

> A trial court's verbatim adoption of verbiage submitted by the prevailing party detracts from the appearance of a hardworking, independent judge and does little to enhance the reputation of the judiciary. At the very least, it gives rise to the impression that the trial judge either has not considered the losing party's arguments, or has done little more than choose between two provided options rather than fashioning a considered, independent ruling based on the evidence, the filings, argument of counsel, and applicable legal principles. At worst, it risks creating an appearance of bias or the impression that the trial court ceded its decision-making responsibility to one of the parties.

*Smith*, 439 S.W.3d at 315 (footnotes and other internal citations omitted).

The Tennessee Supreme Court went on to explain that party-prepared findings of fact, conclusions of law, or orders could be acceptable so long as two conditions are satisfied. *Smith*, 439 S.W.3d at 315-16. The *Smith* Court instructed that (1) party-prepared findings of fact and conclusion of law "must accurately reflect the decision of the trial court" and (2) "the record must not create doubt that the decision represents the trial court's own deliberations and decision." *Id.* at 316. As such, the Court explained that appellate courts have declined to accept party-prepared findings, conclusions, and orders when the record fails to provide insight into the trial court's reasoning to support its decision or the record raises a question as to whether the findings, conclusions, and orders are the trial court's own independent judgment. *Id.* The *Smith* Court recognized that the ultimate concern regarding party-prepared findings and conclusions is the "fairness and independence of the trial court's judgment." *Id.*

Although *Smith* involved summary judgment, this Court has previously applied the reasoning in *Smith* to proceedings not involving summary judgment. *See, e.g., Deberry v. Cumberland Elec. Membership Corp.*, No. M2017-02399-COA-R3-CV, 2018 WL 4961527, at *2 (Tenn. Ct. App. Oct. 15, 2018) ("Because of the non-existence of an oral ruling along with the near verbatim adoption of plaintiff's findings and conclusions, we cannot parse out whether the order was the trial court's own independent judgment."); *In re Dakota M.*, No. E2017-01855-COA-R3-PT, 2018 WL 3022682, at *6 (Tenn. Ct. App. June 18, 2018) ("The order . . . does not allow us to conclude that the order was the result of the court's 'own considered conclusions.'" (quoting *Smith*, 439 S.W.3d at 315)) (other internal citations omitted); *In re Colton B.*, No. M2017-00997-COA-R3-PT, 2017 WL 6550620, at *5 (Tenn. Ct. App. Dec. 22, 2017) ("Given the nearly identical recitation of facts contained in the petition and the final order, coupled with the trial court's sparse

oral ruling, we must conclude that the record 'casts doubt' as to whether the trial court exercised its independent judgment in this case." (citing *Smith*, 439 S.W.3d at 316)).

In the instant case, the transcript of evidence approved by the trial court reflects that the court made no oral rulings at the conclusion of the February 12, 2019 trial but instead took the matter under advisement, directing each party to submit proposed findings of fact and conclusions of law. The record is devoid of any direction provided to the parties by the trial court as to drafting their proposed findings of fact and conclusions of law. In its May 7, 2019 order, the trial court subsequently adopted nearly verbatim Executor's proposed findings of fact and conclusions of law. The only modifications with respect to the final order appear in paragraphs fourteen and nineteen, which are located below the "Proposed Findings of Fact" section. In the May 7, 2019 order, these paragraphs read as follows:

14. The Court takes judicial notice that lay persons are of limited legal understanding regarding the purpose for listing and/or designating other names on bank accounts.

19. Based on the Plaintiff's stipulations, the Court finds that the accounts in question are payable on death beneficiary accounts and, therefore, payable on death to Mari[o]n Dodd.

By comparison, Executor's proposed findings of fact and conclusions of law state as follows with regard to the respective paragraphs:

14. The court finds that Ms. Thrall was of limited legal understanding regarding the purpose for listing and/or designating other names on her bank accounts.

19. The court finds that Petitioner dismissed ECU and SFB from this action. The counterclaims and/or cross-claims filed by ECU and/or SFB are without merit, and are hereby dismissed. Since neither ECU nor SFB interpled the disputed funds with the court, any claim by them for payment of attorney's fees is not supported by the law, and that claim is dismissed.

Except for these two slight modifications, the trial court made no other changes to the verbiage or organization of Executor's proposed findings and conclusions prior to their adoption.

Furthermore, in its May 7, 2019 order, the trial court listed nineteen findings of fact beneath the heading of "Proposed Findings of Fact," and listed twenty-two

conclusions of law beneath the heading of "Proposed Conclusions of Law." These nineteen factual findings and twenty-two conclusions of law were numbered in the identical sequence as the Executor's proposed findings and conclusions. In addition, the first page of the trial court's May 7, 2019 order recites: "The Petitioner's proposed findings and conclusions are as follows," rendering it indistinguishable from Executor's proposed findings and conclusions. The trial court provided no further reasoning supporting its decision to adopt these findings and conclusions notwithstanding the Dodd Estate's motion objecting to portions of the document. Moreover, the trial court did not expressly dispose of the Dodd Estate's motion objecting to Executor's proposed findings and conclusions in the final order.

As the *Smith* Court cautioned, the trial court's verbatim adoption of the prepared findings of fact and conclusions of law without any stated ruling, reasoning, or analysis raises the appearance that the court merely chose "between two provided options rather than fashioning a considered, independent ruling based on the evidence, the filings, argument of counsel, and applicable legal principles." *See Smith*, 439 S.W.3d at 315. Party-prepared findings of fact and conclusions of law are only appropriate if the findings and conclusions accurately reflect the trial court's decision and if the record does not create doubt as to whether the findings and conclusions represent "the trial court's own deliberations and decision." *See id.* at 315-16.

Based upon the record before us, we cannot determine that Executor's proposed findings of fact and conclusions of law, adopted nearly verbatim by the trial court, represent the trial court's own independent analysis and judgment. Accordingly, we vacate the trial court's judgment and remand for entry of findings of fact and conclusions of law that reflect the trial court's independent "deliberations and decision." *See Smith*, 439 S.W.3d at 316; *see, e.g., Mitchell v. Mitchell*, No. E2017-00100-COA-R3-CV, 2019 WL 81594, at *7 (determining that the trial court's verbatim adoption of a party's proposed findings of fact and conclusions of law did not represent the trial court's own independent analysis and judgment and therefore vacating the trial court's judgment and remanding the case for entry of findings and conclusions that would reflect the trial court's independent "deliberations and decision."). Ergo, all remaining issues on appeal are pretermitted as moot.

V. Conclusion

For the foregoing reasons, we vacate the trial court's judgment and remand this matter to the trial court for further proceedings consistent with this opinion and for collection of costs assessed below. Costs on appeal are taxed one-half to the appellants, Pat Simpson and Joanne Simpson, Co-Executors of the Estate of Marion Dodd, and one-half to the appellee, Jerry Cunningham, Executor of the Estate of Iva Zan Thrall.

_____
THOMAS R. FRIERSON, II, JUDGE